SO ORDERED.

SIGNED this 11 day of April, 2024.



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:                                      CASE NO. 23-02954-5-DMW

SUE P. ROGERS
                                            CHAPTER 13
            DEBTOR

### ORDER DENYING BRUNSWICK HEALTH & REHAB CENTER, LLC's APPLICATION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE UNDER 11 U.S.C. § 503

This matter comes on to be heard upon the First Amended Application for Allowance of an Administrative Expense Under 11 U.S.C. § 503 ("Application") filed by Brunswick Health & Rehab Center, LLC ("Brunswick") on February 23, 2024, the Objection to Application for Administrative Expense filed Joseph A. Bledsoe, III, Esq. ("Trustee"), Chapter 13 trustee, on March 8, 2024, and the Response to First Amended Application for Allowance of an Administrative Expense Under 11 U.S.C. § 503 filed by Sue P. Rogers ("Debtor") on March 8, 2024. The court conducted a hearing in Raleigh, North Carolina on March 19, 2024. Darren W. Bentley, Esq. appeared for Brunswick, the Trustee appeared *pro se*, and Benjamin R. Eisner, Esq. appeared for the Debtor. Based upon the pleadings, the case record and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the court has the authority to hear and determine the matter pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on October 12, 2023 ("Petition Date"). The Trustee is serving as Chapter 13 trustee to fulfill the duties as provided in 11 U.S.C. § 1302.

3. Brunswick is a skilled nursing facility, and the Debtor has been a resident there since June 2, 2022. On June 14, 2022 the Debtor signed an Admission Agreement with Brunswick detailing the terms of her admittance and continued residence at the facility.

4. The Debtor's sole source of income is social security income, in the amount of $1,849 per month, and her personal wealth consists of several parcels of real estate. The illiquidity of the real estate has impeded the Debtor's ability to pay the approximately $7,500 per month in fees due to Brunswick.

5. Brunswick initiated a civil collection action in state court for the amounts due and received a judgment against the Debtor on July 3, 2023, with a balance of $108,208.18, including interest and attorney's fees, on the Petition Date. The Debtor accrued additional expenses for her care at Brunswick's facility from the date of the judgment until the Petition Date.

6. Brunswick filed two claims in the Debtor's bankruptcy. One was for the monies owed pursuant to the judgment, and one was for the unsecured amount accrued between the judgment date and Petition Date.

7. The Debtor continues to accrue post-petition expenses during her continued stay at Brunswick's facility.

8. The Debtor is unable to seek care elsewhere because of her financial condition and her family's inability to provide the level of care that the Debtor requires. Brunswick asserts it cannot remove the Debtor from its facilities because of applicable non-bankruptcy laws.

9. Brunswick filed the Application to seek preferential treatment of such post-petition expenses as an administrative expense under 11 U.S.C. § 503(b)(1)(A), alleging Brunswick's post-petition services are "actual, necessary costs and expenses of preserving the estate." The Application covers the period of October 12, 2023, until March 19, 2023, and requests that the amount of $39,821 be treated as a cost of administration in the Debtor's case.

10. The Trustee objects to the Application because the costs incurred by the Debtor are not necessary to preserve the bankruptcy estate. Those expenses are personal to the Debtor and do not benefit or preserve the estate.

11. Administrative expenses allowed under 11 U.S.C. § 503(b) are entitled to priority payment before payment of general unsecured claims. 11 U.S.C. § 507(a)(2). Pursuant to 11 U.S.C. § 503(b)(1)(A), "the actual, necessary costs and expenses of preserving the estate" may be allowed as an administrative expense. 11 U.S.C. § 503(b)(1)(A).

> Working in tandem, [sections 503 and 507] are designed to sustain the viability of estates in bankruptcy by giving highest priority to the payment of "administrative expenses" – the "actual, necessary costs and expenses of preserving the estate." By placing creditors who are entitled to payment of these administrative expenses first in line, sections 503 and 507 advance the estate's interest in survival above all other financial goals.

*Zagata Fabricators, Inc. v. Superior Air Prod.*, 893 F.2d 624, 627 (3d Cir. 1990) (quoting 11 U.S.C. §§ 507(a)(2), 503(b)(1)(A)).

12. At the hearing, Brunswick's counsel sought to analogize this Chapter 13 case to one under Chapter 11, asserting that the services Brunswick is providing the Debtor are facilitating the Debtor's funding of the Chapter 13 plan by preserving and supporting her health and well-being, making them necessary to the preservation of the bankruptcy estate.

13. Unfortunately, Brunswick reports it is providing end-of-life care, and the chances for a successfully completed Chapter 13 plan using only the Debtor's stream of income from social security are minimal.

14. Brunswick contends the services it has rendered are facilitating the Chapter 13 plan by supporting the Debtor's ability to receive social security income; however, pursuant to 11 U.S.C. § 101(10A)(B)(ii)(I), social security income is excluded from "Current Monthly Income" and does not affect the calculation of "Disposable Income" under 11 U.S.C. § 1325(b)(2). A debtor is only required to commit the debtor's "Projected Disposable Income" to the funding of the plan pursuant to 11 U.S.C. § 1325(b)(1)(B), and the Debtor's Disposable Income here is $0. That excluded income cannot be required to fund the plan, even with a "forward-looking approach" as described in *Hamilton v. Lanning*, 560 U.S. 505, 509 (2010).

15. The Trustee is correct. The post-petition expenses accruing by Brunswick do not benefit the estate, and the Application is denied; however, the Debtor has indicated the plan will be supported from the proceeds from the sale of her real property located at 1425 Village Green Drive in Calabash, North Carolina. The preliminary projections indicate a substantial, if not full, distribution to pre-petition creditors, including Brunswick. Brunswick's interests with respect to its post-petition claim appear to be protected by the Debtor's equity in other parcels of real property; now therefore,

5

It is ORDERED, ADJUDGED and DECREED that Brunswick Health & Rehab Center, LLC's First Amended Application for Allowance of an Administrative Expense Under 11 U.S.C. § 503 be, and hereby is, denied.

END OF DOCUMENT